## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JOHN RYAN SINGER | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) |
| v. | ) COMPLAINT<br>) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) JURY TRIAL DEMANDED<br>)<br>) NON-ARBITRATION |
| AND | )<br>) |
| WELLS FARGO BANK, N.A. | )<br>) |
| Defendants. | ) |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff John Ryan Singer is an adult individual who resides in the State of Colorado.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the District of Colorado, and which has a place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

6. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a business entity which

regular conducts business in the District of Colorado and which has a place of business located at 420 Montgomery street, San Francisco, CA 94104.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least May 2019 to the present.

8. The inaccurate information on Plaintiff's credit reports includes, but is not limited to various accounts including, Verizon Wireless, Source Receivables, Western Funding, a Wells Fargo charged off account for approximately $5,907, and personal identifying information.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

10. The inaccurate information consists of inaccurate statements and personal information that does not belong to the Plaintiff, and that actually belongs to another consumer.

11. Due to Defendant Experian's faulty procedures, Defendant Experian mixed the credit file of Plaintiff with that of at least one other consumer.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least May 2019 to the present.

13. Plaintiff has disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Experian from on or about May 2019 to the present.

15. Notwithstanding Plaintiff's efforts, Experian has sent Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian has repeatedly published and disseminated consumer reports to such third parties from at least May 2019 to the present.

16. Despite Plaintiff's efforts, Experian has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17. In addition, and notwithstanding Plaintiff's disputes, Wells Fargo, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the account as disputed.

18. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their reinvestigations to all credit reporting agencies and have continued to report the derogatory inaccurate information about the Plaintiff.

19. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the

inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least May 2019, to the present.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intention, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EXPERIAN
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d),

27. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – WELLS FARGO VIOLATIONS OF THE FCRA

29. Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

31. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Alexis I. Lehmann*
        ALEXIS I. LEHMANN, ESQUIRE
        1600 Market Street, Suite 2510
        Philadelphia, PA 19103
        (215) 735-8600

        *Attorneys for Plaintiff*

Dated: February 13, 2020